IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jesse Sibert, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:20-4000-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| State Automobile Mutual Insurance Company, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on cross-motions for summary judgment. For the reasons stated below, the court grants the Defendant State Automobile Mutual Insurance's ("Defendant") motion for summary judgment and denies Plaintiff Jesse Sibert's ("Plaintiff") motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The parties have filed stipulated facts. (Joint Stipulation ("J.S."), ECF No. 20.) This case arises out of an accident that occurred on July 10, 2020, involving vehicles driven by Alvin Dunlap ("Dunlap") and Willie Yeldell. (J.S. ¶ 1, ECF No. 20.) Plaintiff was a passenger in the vehicle driven by Dunlap at the time of the accident. (J.S. ¶ 2, ECF No. 20.) Plaintiff filed a lawsuit against Dunlap, which is currently pending in Greenwood County, South Carolina, Court of Common Pleas, Civil Action Number 2020-CP-24-00967. (Compl. ¶ 2, ECF No. 1-1); (Def. Ans. Interrogatories 2, ECF No. 3.)

Defendant issued a policy ("Policy") to named insured Tammy Dunlap, providing certain insurance coverage subject to certain terms, conditions, limitations, and exclusions for the period February 5, 2020 through February 5, 2021. (J.S. ¶ 7, ECF No. 20.) In relevant part,

1

the Policy provided Plaintiff liability coverage with a limit of $100,000.00 per person and underinsured motorist ("UIM") coverage, the limit of which is in dispute. (Id. ¶ 8, ECF No. 20.)

Defendant has tendered the $100,000.00 limit of liability coverage to Plaintiff, as an insured under the Policy. (Am. Compl. ¶ 14, ECF No. 1-1); (Def. Mem. Supp. Mot. Summ. J. 2-4, ECF No. 21-1.) However, Plaintiff asserts that he is also entitled to coverage under the UIM portion of the Policy, which is the subject of the instant declaratory judgment action. (Am. Compl., generally, ECF No. 1-1.)

On October 27, 2020, Plaintiff filed the instant declaratory judgment action in the Greenwood County Court of Common Pleas. (Compl., ECF No. 1-1.) On November 6, 2020, Plaintiff filed an amended complaint. (Am. Compl., ECF No. 1-1.) On November 16, 2020, Defendant removed the instant action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Not. Removal ¶ 1, ECF No. 1.) Plaintiff seeks declarations that (1) the Policy provides Plaintiff with UIM coverage without any exclusion or limitation for having received payment under the Policy for liability coverage and (2) that the UIM coverage limit should be reformed to $100,000.00 based upon an improper offer of lesser coverage than the liability coverage. (Am. Compl. 13, ECF No. 1-1.) Defendant filed an answer and counterclaims seeking declarations that (1) Defendant has no duty under the Policy or otherwise to pay Plaintiff any benefits under the UIM coverage and (2) the Policy should not be reformed to increase the UIM limits to $100,000.00. (Ans. & Countercls. 6-7, ECF No. 5.) The parties filed cross-motions for summary judgment on July 19, 2021. (Def. Mot. Summ. J., ECF No. 21); (Pl. Mot. Summ. J., ECF No. 22.) On August 2, 2021, the parties filed responses. (Def.

Resp., ECF No. 23); (Pl. Resp., ECF No. 24.) On August 5, 2021, Defendant filed a reply. (Def. Reply, ECF No. 26.) Plaintiff did not file a reply. This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. The Policy's Nonduplication Provisions

The Policy contains several nonduplication provisions. Regarding liability coverage, the Policy states "No one will be entitled to receive duplicated payments for the same elements of loss under this coverage and . . . Any Underinsured Motorists Coverage provided by this Policy."  (J.S. ¶ 9, ECF No. 20); (Pl. Mot. Summ. J. Ex. 1 (Policy 29), ECF No. 22-2.) Regarding UIM coverage, the Policy states "No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A [liability coverage] . . . of this policy. [ ]We will not make a duplicate payment under this coverage for any elements of loss of which payment has been made or on behalf of persons or organizations who may be legally responsible."  (J.S. ¶ 10, ECF No. 20); (Pl. Mot. Summ. J. Ex. 1 (Policy 46), ECF No. 22-2.)

"Insurance policies are subject to the general rules of contract construction." Auto-Owners Ins. Co. v. Carl Brazell Builders, Inc., 588 S.E.2d 112, 115 (S.C. 2003) (citation omitted). "The [c]ourt must give policy language its plain, ordinary, and popular meaning. When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used." Id. (citation omitted). "Ambiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer." USAA Prop. & Cas. Ins. Co. v. Clegg, 661 S.E.2d 791, 797 (S.C. 2008) (internal quotation marks and citation omitted).

Plaintiff does not argue that the nonduplication provisions in the Policy are ambiguous. Further, after review, the court finds that the nonduplication provisions are unambiguous and

plainly prohibit duplicate payments for the same elements of loss under the Policy's liability and UIM coverages.

Having found the Policy's nonduplication provisions unambiguous, the court must consider whether the nonduplication provisions are invalid because they contravene public policy. "Insurance companies and insureds are generally free to contract for exclusions or limitations on coverage." Nationwide Ins. Co. of Am. v. Knight, 858 S.E.2d 633, 635 (S.C. 2021) (citations omitted). "As a general rule, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or some statutory inhibition." Williams v. Gov't Emps. Ins. Co. (GEICO), 762 S.E.2d 705, 712 (S.C. 2014) (citations omitted). "Reasonable exclusionary clauses which do not conflict with the legislative expression of the public policy of the State as revealed in the various motor vehicle insurance statutes are permitted." Pa. Nat'l Mut. Cas. Ins. Co. v. Parker, 320 S.E.2d 458, 461 (S.C. Ct. App. 1984) (citations omitted).

> [T]he General Assembly establishes the public policy relating to automobile insurance and enacts statutes to let the public and the courts know what that policy is. When an insured challenges a policy provision on the ground the provision violates public policy, the Court's authority is limited to determining whether the policy provision violates a statute.

Knight, 858 S.E.2d at 635.

Plaintiff argues that "exclusion[s] in policies that purport to deny coverage to insureds who are otherwise covered as insureds under a policy providing such coverage have been held invalid by South Carolina courts." (Pl. Mem. Supp. Mot. Summ. J. 4, ECF No. 22-1.) Specifically, Plaintiff argues that the Policy's nonduplication provisions violate South Carolina

public policy because S.C. Code Ann. § 38-77-160 prohibits such limitations.[1]  (Pl. Mem. Supp. Mot. Summ. J. 4-5, ECF No. 22-1); (Pl. Resp. 2, ECF No. 24.)  In contrast, Defendants argue that the nonduplication provisions do not violate public policy because these provisions are not prohibited under section 38-77-160 or any other South Carolina law.  (Def. Mem. Supp. Mot. Summ. J., generally, ECF No. 21-1); (Pl. Resp., generally, ECF No. 23.)

In relevant part, section 38-77-160, South Carolina's UIM statute, provides:

Automobile insurance carriers shall offer, at the option of the insured, uninsured motorist coverage up to the limits of the insured's liability coverage in addition to the mandatory coverage prescribed by Section 38-77-150.  Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute.  If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.  Benefits paid pursuant to this section are not subject to subrogation and assignment.

S.C. Code Ann. § 38-77-160; see also Knight, 858 S.E.2d at 638 ("UIM coverage is statutorily required coverage because it must be offered.  However, UIM coverage is not mandatory because an insured can choose whether or not to purchase it.").  Section 38-77-160 does not support Plaintiff's argument because it does not prohibit contractual limitations on UIM coverage.

---

[1] Plaintiff also makes the specious argument that the nonduplication provisions at issue violate section 38-77-30, which provides the definition of "underinsured motor vehicle." However, only section 38-77-160 is relevant here.  (See Pl. Resp. 2, ECF No. 24.)

Plaintiff relies on Bratcher v. Nat'l Grange Mut. Ins. Co., 356 S.E.2d 151 (S.C. Ct. App. 1987), in support of his position. In Bratcher, the South Carolina Court of Appeals held invalid a provision of an automobile insurance policy excluding vehicles owned by the insured from the policy's definition of an UIM vehicle. 356 S.E.2d at 151-53. The court held that the exclusion was invalid because it was not specifically authorized by statute. See id. However, Bratcher did not consider the specific issue in the case at bar. Additionally, following Bratcher, the South Carolina Court of Appeals and South Carolina Supreme Court have found other policy limitations and exclusions regarding UIM coverage do not violate South Carolina public policy and are valid under section 38-77-160. See Knight, 858 S.E.2d at 638; Burgess v. Nationwide Mut. Ins. Co., 644 S.E.2d 40, 43 (S.C. 2007); State Farm Mut. Auto. Ins. Co. v. Calcutt, 530 S.E.2d 896, 897 (S.C. Ct. App. 2000), overruled on other grds. by Sweetser v. S.C. Dep't of Ins. Rsrv. Fund, 703 S.E.2d 509, 511 n.4 (S.C. 2010); see also Diamond State Ins. Co. v. Est. of McNeal, No. 1:11-CV-02528-JMC, 2013 WL 934182, at *5 (D.S.C. Mar. 11, 2013) (unpublished) (finding that "[u]nder South Carolina law, an insured may be contractually prohibited from claiming UIM policy benefits by valid policy provision" and that a "UIM endorsement of the Policy [that] plainly limit[ed] duplicate payments for losses covered by other liability coverage" was a valid policy provision (citing Mangum v. Maryland Cas. Co., 500 S.E.2d 125 (S.C. Ct. App. 1998)).

In Burgess v. Nationwide Mut. Ins. Co., the South Carolina Supreme Court held that section 38-77-160 was not violated by an insurance policy provision limiting the portability of UIM coverage. 644 S.E.2d at 43 ("We hold that public policy is not offended by an automobile insurance policy provision which limits the portability of basic 'at-home' UIM coverage when

the insured has a vehicle involved in the accident.") (citations omitted).  The Burgess court cited State Farm Mut. Auto. Ins. Co. v. Calcutt, which held that a provision in a UIM policy providing for a setoff of workers' compensation benefits did not conflict with section 38-77-160 or violate public policy.  530 S.E.2d at 897, overruled on other grds. by Sweetser, 703 S.E.2d at 511 n.4 ("[N]othing in section 38-77-160, which provides for UIM policies, conflicts with the setoff provision in [the] policy. . . . [S]ection 38-77-160 does not prohibit a setoff provision, regardless of whether the employer or the employee purchased the UIM policy.  Therefore, [the] setoff provision does not conflict with our insurance laws.").

Recently, in Nationwide Ins. Co. of Am. v. Knight, the South Carolina Supreme Court held that a provision in an insurance policy excluding the named insured's husband from all coverages, including UIM coverage, was valid and did not violate any statute, including section 38-77-160.  858 S.E.2d at 638 ("Knight also argues the policy provision violates section 38-77-160 of the South Carolina Code (2015) because it excludes statutorily required UIM coverage.  We disagree on this point as well.").

Plaintiff has failed to point to any South Carolina law finding that nonduplication provisions are invalid.  Further, after review, the court finds the Policy's nonduplication provisions do not violate section 38-77-160.  Therefore, the court finds the Policy's nonduplication provisions are valid.  See Knight, 858 S.E.2d at 635 ("When an insured challenges a policy provision on the ground the provision violates public policy, the Court's authority is limited to determining whether the policy provision violates a statute.").

### III. Conclusion

Based on the foregoing, the court finds that there are no genuine issues of material fact in this case. The court finds that the Policy's nonduplication provisions are valid, and Plaintiff, having received payment under the Policy's liability coverage for the accident, cannot also recover UIM coverage under the Policy for the same accident. Defendant's motion for summary judgment is granted, and Plaintiff's motion for summary judgment is denied.

It is therefore

**ORDERED** that Defendant's motion for summary judgment, docket number 21, is granted. It is further

**ORDERED** that Plaintiff's motion for summary judgment, docket number 22, is denied. It is further

**ORDERED** that Defendant has no duty under the Policy or otherwise to pay Plaintiff any benefits under UIM coverage.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 10, 2021